FILED16 AUG '12 16:29USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:12-CR-00431-HA |
| v. | **INDICTMENT** |
| DAVID JOSEPH PEDERSEN,<br> a/k/a "JOEY" PEDERSEN, and<br>HOLLY ANN GRIGSBY, | 18 U.S.C. §§ 1962(c), 1962(d), 924(c) and<br>924(j)(1), 1201(a)(1), 2312, 1029(a)(2),<br>1029(b)(1) and 1029(c)(1)(A)(i),<br>1028A(a)(1), 2119(3), 922(g)(1) and<br>924(a)(2) and 924(e)(1), and 2 |
| **Defendants.** | **NOTICE OF SPECIAL FINDINGS**<br>18 U.S.C. §§ 3591 and 3592 |

## THE GRAND JURY CHARGES:

### COUNT ONE
### (Racketeering)

The Racketeering Enterprise

1. At various times relevant to this Indictment, **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**, the defendants, and others, were members and associates of a criminal organization whose members and associates engaged in acts of violence and other criminal activity, including murder, kidnapping, robbery, fraudulent use of access devices, and interstate transportation of stolen property including stolen motor vehicles.

2.  The organization, including its leadership, members and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise, which operated in the District of Oregon and elsewhere, including the Western District of Washington and the Northern District of California, was engaged in, and its activities affected, interstate commerce.

Purposes of the Enterprise

3.  The purposes of the enterprise included the following:

a.  Enriching the members and associates of the enterprise through, among other things, murder, robbery, and the use of unauthorized access devices.

b.  Promoting and advancing a white supremacist movement to "purify" and "preserve" the white race and "reclaim our country" and culture through acts of murder on the basis of race, color, religion, and perceived "degenerate" conduct including sexual abuse, vagrancy, drug abuse, and other "riff raff."

c.  Promoting and enhancing the enterprise, and its members and associates, by targeting Jewish leaders, members of prominent Jewish organizations, and other "Zionists," and using the media to publicize their movement in an attempt to spark a revolution in furtherance of their movement and beliefs.

d.  Promoting and preserving the enterprise through acts of murder in order to eliminate witnesses and avoid apprehension, including murdering victims as "casualties of war."

e.  Promoting, funding and preserving the enterprise through acts of robbery and credit card fraud.

**Indictment**                                                                                                  **Page 2**

Roles of the Defendants

4. The defendants each participated in the operation and management of the enterprise in various ways, including but not limited to the following:

a. **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN,** was involved in the planning and execution of robberies, kidnappings, murders, interstate transportation of stolen property, including stolen motor vehicles, and the use of unauthorized access devices to obtain money and other items necessary to further the enterprise's white supremacist movement. **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN,** researched the names and addresses of Jewish organizations in Seattle, Washington, Portland, Oregon and Sacramento, California, to identify potential targets for elimination, and he possessed a draft "press release" to alert the media about the purpose of the planned murders. **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN,** determined the initial target of the movement, and obtained the firearm used to commit the murders.

b. **HOLLY ANN GRIGSBY** was involved in the planning and execution of robberies, kidnappings, murders, interstate transportation of stolen property, including stolen motor vehicles, and the use of unauthorized access devices to obtain money and other items necessary to further the enterprise's white supremacist movement. **HOLLY ANN GRIGSBY** approached potential targets and inveigled them into giving her a ride, enabling **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** to kidnap, rob, and murder them. **HOLLY ANN GRIGSBY** also murdered the female victim consistent with her beliefs and code that a man should not kill a woman, attempted to dispose of evidence, and drove the stolen vehicles in order to flee the crime scenes, avoid apprehension, and reach their destinations throughout their mission.

Manner and Means of the Racketeering Enterprise

5. It was part of the racketeering enterprise that defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** would identify, kidnap, and murder targets on the basis of race, color, religion, and perceived "degenerate" conduct to further their white supremacist movement.

6. It was part of the racketeering enterprise that defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** would rob victims to finance the enterprise, and to obtain transportation to further their movement and avoid apprehension and prosecution.

7. It was part of the racketeering enterprise that defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** would murder robbery victims to eliminate witnesses and avoid apprehension and prosecution.

8. It was part of the racketeering enterprise that defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** would use credit cards they stole from victims to obtain money and items of value to sustain themselves, finance the enterprise, conceal evidence, and further their white supremacist movement.

9. It was part of the racketeering enterprise that defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** would seek assistance from associates of the enterprise to further their mission, conceal and dispose of evidence of their criminal activities, and avoid apprehension.

10. It was part of the racketeering enterprise that defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** would use the media to publicize their beliefs and purposes, and to inspire others to follow their example.

**Indictment**                                                                      **Page 4**

11. It was part of the racketeering enterprise that defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** would communicate with other white supremacists in and out of prison to rally support for their movement and reaffirm their shared beliefs.

The Racketeering Violation

12. Beginning as early as June 2011, and continuing as late as October 20, 2011, in the District of Oregon and elsewhere, including the Western District of Washington and the Northern District of California, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**, and others, being persons employed by and associated with the above-described enterprise, which enterprise was engaged in, and the activities of which affected, interstate commerce, did knowingly and unlawfully conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise, through a pattern of racketeering activity, that is, through the commission of Racketeering Acts One through Seven, as alleged in paragraph 13 below.

Pattern of Racketeering Activity

13. The pattern of racketeering activity as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

Racketeering Act One (Re: David Jones Pedersen, a/k/a "Red" Pedersen)

On or about September 26, 2011, in the Western District of Washington, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** committed the following acts, any one of which alone constitutes Racketeering Act One:

///

**Indictment**                                                                 **Page 5**

1a.    <u>Kidnapping of David Jones Pedersen, a/k/a "Red" Pedersen</u>

On or about September 26, 2011, in the Western District of Washington, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** did intentionally abduct David Jones Pedersen, a/k/a "Red" Pedersen, with intent to inflict bodily injury on him, and to facilitate the commission of, and flight from, the offenses described in Racketeering Act One, sub-paragraphs 1b, 1c, and 1d below, in violation of Section 9A.40.020 of the Revised Code of Washington.

1b.    <u>Robbery of David Jones Pedersen, a/k/a "Red" Pedersen</u>

On or about September 26, 2011, in the Western District of Washington, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** did knowingly and unlawfully take personal property, including credit cards and a black 2010 Jeep Patriot bearing Washington license plate ABZ7996, from David Jones Pedersen, a/k/a "Red" Pedersen, in his presence, against his will, by the use of force and violence, in violation of Section 9A.56.190 of the Revised Code of Washington.

1c.    <u>First Degree Murder of David Jones Pedersen, a/k/a "Red" Pedersen</u>

On or about September 26, 2011, in the Western District of Washington, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** with a premeditated intent to cause the death of David Jones Pedersen, a/k/a "Red" Pedersen, and in the course of, in furtherance of, and in the immediate flight from, the kidnapping and

robbery offenses described in Racketeering Act One, subparagraphs 1a and 1b above, did cause the death of David Jones Pedersen, a/k/a "Red" Pedersen, in violation of Section 9A.32.030(1)(a) and (c) of the Revised Code of Washington.

1d.   Second Degree Murder of David Jones Pedersen, a/k/a "Red" Pedersen
On or about September 26, 2011, in the Western District of Washington, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** did knowingly and intentionally cause the death of David Jones Pedersen, a/k/a "Red" Pedersen, in violation of Section 9A.32.050(1)(a) of the Revised Code of Washington.

Racketeering Act Two (Re: Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen)

On or about September 26, 2011, in the Western District of Washington, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** committed the following acts, any one of which alone constitutes Racketeering Act Two:

2a.   Kidnapping of Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen
On or about September 26, 2011, in Everett, Washington, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** did intentionally abduct Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen, with intent to inflict bodily injury on her, and to facilitate the commission of, and flight from, the offenses described in Racketeering Act Two, sub-paragraphs 2b, 2c, and 2d below, in violation of Section 9A.40.020 of the Revised Code of Washington.

**Indictment**                                                                                       **Page 7**

2b.   Robbery of Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen

On or about September 26, 2011, in Everett, Washington, defendants

**DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and**

**HOLLY ANN GRIGSBY,** did knowingly and unlawfully take personal

property, including credit cards and a check, from Leslie Mae Pedersen,

a/k/a "Dee Dee" Pedersen, in her presence, against her will, by the use and

threatened use of immediate force and violence, in violation of Section

9A.56.190 of the Revised Code of Washington.

2c.   First Degree Murder of Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen

On or about September 26, 2011, in Everett, Washington, defendants

**DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and**

**HOLLY ANN GRIGSBY,** with a premeditated intent to cause the death

of Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen, and in the course of, in

furtherance of, and in the immediate flight from, the kidnapping and

robbery offenses described in Racketeering Act Two, subparagraphs 2a

and 2b above, did cause the death of Leslie Mae Pedersen, a/k/a "Dee

Dee" Pedersen, in violation of Section 9A.32.030(1)(a) and (c) of the

Revised Code of Washington.

2d.   Second Degree Murder of Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen

On or about September 26, 2011, in Everett, Washington, defendants

**DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and**

**HOLLY ANN GRIGSBY,** did knowingly and intentionally cause the

death of Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen, in violation of

Section 9A.32.050(1)(a) of the Revised Code of Washington.

Racketeering Act Three (Re: Interstate Transportation of Stolen Property)

On or about September 27, 2011, in the Western District of Washington and the

District of Oregon, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN,**

**and HOLLY ANN GRIGSBY** committed the following acts, either of which alone constitutes

Racketeering Act Three:

3a.  Interstate Transportation of Stolen Vehicle Belonging to David Jones
Pedersen, a/k/a "Red Pedersen"

On or about September 27, 2011, in the Western District of Washington

and the District of Oregon, defendants **DAVID JOSEPH PEDERSEN,**

**a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did

knowingly and unlawfully transport in interstate commerce, that is, from

the State of Washington to the State of Oregon, a motor vehicle, that is, a

black 2010 Jeep Patriot bearing Washington license plate ABZ7996,

knowing the same to have been stolen, in violation of Title 18, United

States Code, Sections 2312 and 2.

3b.  Interstate Transportation of Stolen Property Belonging to David Jones
Pedersen, a/k/a "Red Pedersen," and Leslie Mae Pedersen, a/k/a "Dee Dee
Pedersen"

On or about September 27, 2011, in the Western District of Washington

and the District of Oregon, defendants **DAVID JOSEPH PEDERSEN,**

**a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did

knowingly and unlawfully transport in interstate commerce, that is, from

the State of Washington to the State of Oregon, property and money with

an aggregate value of $5,000 or more, knowing the same to have been

stolen, in violation of Title 18, United States Code, Sections 2314 and 2.

Racketeering Act Four (Re: Credit Card Fraud)

On or about and between September 26, 2011, and October 5, 2011, in the District

of Oregon, the Western District of Washington and the Northern District of California,

defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN**

**GRIGSBY** committed the following acts, either of which alone constitutes Racketeering Act

Four:

4a.    Fraudulent Use of Access Devices Belonging to David Jones Pedersen,
       a/k/a "Red" Pedersen

       On or about and between September 26, 2011, and October 5, 2011, in the

       District of Oregon, the Western District of Washington, and the Northern

       District of California, defendants **DAVID JOSEPH PEDERSEN, a/k/a**

       **"JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** with intent to

       defraud, did knowingly use and attempt to use unauthorized access devices

       that were stolen from David Jones Pedersen, a/k/a "Red" Pedersen, to

       obtain money and other things of value aggregating $1,000 or more, said

       use and attempted use affecting interstate commerce, in violation of Title

       18, United States Code, Sections 1029(a)(2), 1029(b)(1), and

       1029(c)(1)(A)(i), and Section 2.

4b.    Fraudulent Use of Access Devices Belonging to Leslie Mae Pedersen,
       a/k/a "Dee Dee" Pedersen

       On or about and between September 26, 2011, and October 5, 2011, in the

       District of Oregon, the Western District of Washington, and the Northern

District of California, defendants **DAVID JOSEPH PEDERSEN, a/k/a**

**"JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** with intent to

defraud, did knowingly use unauthorized access devices that were stolen

from Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen, to obtain money and

other things of value aggregating $1,000 or more, said use affecting

interstate commerce, in violation of Title 18, United States Code, Sections

1029(a)(2) and 1029(c)(1)(A)(i), and Section 2.

Racketeering Act Five (Re: Cody Faye Myers)

On or about October 1, 2011, in the District of Oregon, defendants **DAVID**

**JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**

committed the following acts, any one of which alone constitutes Racketeering Act Five:

5a.    Kidnapping of Cody Faye Myers

On or about October 1, 2011, in the District of Oregon, defendants

**DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and**

**HOLLY ANN GRIGSBY**, did knowingly and intentionally kidnap Cody

Faye Myers, that is, take Cody Faye Myers from in or near Newport,

Oregon, to another location in Oregon, with intent to interfere substantially

with his personal liberty, in violation of Section 163.225 of the Oregon

Revised Statutes.

5b.    Robbery of Cody Faye Myers

On or about October 1, 2011, in the District of Oregon, defendants

**DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and**

**HOLLY ANN GRIGSBY**, while armed with a dangerous weapon, that is,

a firearm, did knowingly and intentionally use and threaten immediate use of physical force upon Cody Faye Myers, to compel him to deliver to defendants a 1999 white Plymouth Breeze, bearing Oregon license plate 025 CCH, and to prevent and overcome his resistance to their taking of property, in violation of Sections 164.395 and 164.415 of the Oregon Revised Statutes.

5c.    Murder of Cody Faye Myers

On or about October 1, 2011, in the District of Oregon, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**, did knowingly and intentionally, and in the course and in furtherance of the kidnapping and robbery described in Racketeering Act Five, sub-paragraphs 5a and 5b above, cause the death of Cody Faye Myers, in violation of Sections 163.005 and 163.115 (1)(a) and (1)(b)(E) and (G) of the Oregon Revised Statutes.

Racketeering Act Six (Re: Interstate Transportation of Stolen Vehicle)

Interstate Transportation of Stolen Vehicle Belonging to Cody Faye Myers

On or about October 4, 2011, in the District of Oregon and the Northern District of California, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did knowingly and unlawfully transport in interstate commerce, that is, from the State of Oregon to the State of California, a motor vehicle, that is, a 1999 white Plymouth Breeze bearing Oregon license plate 025 CCH belonging to Cody Faye Myers, knowing the same to have been stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

Racketeering Act Seven (Re: Reginald Alan Clark)

On or about October 4, 2011, in the Northern District of California, defendants

**DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**

committed the following acts, any one of which alone constitutes Racketeering Act Seven:

7a.  Kidnapping of Reginald Alan Clark

On or about October 4, 2011, in Eureka, California, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did forcibly, and by instilling fear, take, hold, and detain Reginald Alan Clark, and carry him into another part of the County and State, in violation of Section 207(a) of the California Penal Code.

7b.  Robbery of Reginald Alan Clark

On or about October 4, 2011, in Eureka, California, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did feloniously take personal property in the possession of another, from a person and in his immediate presence, against his will, by means of force and fear, that is, a blue 1989 Ford F150 Xtra Cab Pickup Truck with no license plates from Reginald Alan Clark, in violation of Sections 211 and 212.5(c) of the California Penal Code.

7c.  Murder of Reginald Alan Clark

On or about October 4, 2011, in Eureka, California, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did unlawfully kill Reginald Alan Clark with malice aforethought, and during the commission of the kidnapping and robbery

**Indictment**                                                    **Page 13**

alleged as Racketeering Act Seven, sub-paragraphs 7a and 7b above, in

violation of Sections 187(a), 188, and 189 of the California Penal Code.

All in violation of Title 18, United States Code, Section 1962(c).

## COUNT TWO
### (RICO Conspiracy)

1. The allegations contained in paragraphs 1 through 11 and paragraph 13 in Count One of this Indictment are hereby realleged and incorporated as if fully set forth herein.

2. From as early as June 2011 and continuing through October 20, 2011, in the District of Oregon, the Western District of Washington, the Northern District of California, and elsewhere, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**, and others, being persons employed by and associated with the enterprise described in paragraphs 1 through 11 of Count One, which enterprise engaged in, and the activities of which affected, interstate commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and 1961(5). The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the enterprise consisted of the acts set forth in paragraph 13 of Count One of this Indictment, which are realleged and incorporated by reference herein.

3. It was a part of the conspiracy that defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT THREE
### (Using/Carrying Firearms in Crime of Violence, Causing Death)

From on or about September 26, 2011, through and including October 5, 2011, in the

District of Oregon, the Western District of Washington, and the Northern District of California,

defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN**

**GRIGSBY** did knowingly use and carry firearms during and in relation to a crime of violence,

namely, the racketeering offense alleged in Count One of this Indictment, which Count is

incorporated by reference as if fully set forth herein, and in so doing, the defendants committed

murder as defined in Title 18, United States Code, Section 1111, that is, the unlawful killing with

malice aforethought of the following persons:

      a.    David Jones Pedersen, a/k/a "Red" Pedersen, in the Western District of
Washington on or about September 26, 2011;

      b.    Cody Faye Myers, in the District of Oregon on or about October 1, 2011;
and

      c.    Reginald Alan Clark, in the Northern District of California on or about
October 4, 2011;

such murders being willful, deliberate, malicious, premeditated and committed in the

perpetration of a kidnapping and robbery, all in violation of Title 18, United States Code,

Sections 924(c) and 924(j)(1), and Section 2.

### COUNT FOUR
### (Kidnapping Resulting in Death)

From on or about September 26, 2011, through and including September 27, 2011, in the

Western District of Washington and the District of Oregon, defendants **DAVID JOSEPH**

**PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did willfully and

**Indictment**                                                                      **Page 15**

unlawfully inveigle, decoy, kidnap, abduct, confine, and carry away David Jones Pedersen, a/k/a

Red Pedersen, and hold him for the purpose of robbing and killing him, and thereafter

transported him in interstate commerce, that is, from the State of Washington to the State of

Oregon, and in so doing, killed David Jones Pedersen, a/k/a "Red" Pedersen, all in violation of

Title 18, United States Code, Section 1201(a)(1) and Section 2.

## COUNT FIVE
### (Using/Carrying Firearms in Crime of Violence, Causing Death)

From on or about September 26, 2011, through and including September 27, 2011, in the

District of Oregon and the Western District of Washington, defendants **DAVID JOSEPH**

**PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did knowingly use

and carry firearms during and in relation to a crime of violence, namely, the kidnapping alleged

in Count Four of this Indictment, which Count is incorporated by reference as if fully set forth

herein, and in so doing, the defendants committed murder as defined in Title 18, United States

Code, Section 1111, that is, the unlawful killing of David Jones Pedersen, a/k/a "Red" Pedersen,

with malice aforethought, such murder being willful, deliberate, malicious, premeditated and

committed in the perpetration of a kidnapping and robbery, in violation of Title 18, United States

Code, Sections 924(c) and 924(j)(1), and Section 2.

## COUNT SIX
### (Transportation of Stolen Motor Vehicle)

From on or about September 26, 2011, through and including September 27, 2011, in the

District of Oregon and the Western District of Washington, defendants **DAVID JOSEPH**

**PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did transport in

interstate commerce, that is, from the State of Washington to the State of Oregon, a motor

vehicle, that is, a black 2010 Jeep Patriot bearing Washington license plate ABZ7996, knowing

**Indictment**                                                                                    **Page 16**

the same to have been stolen from David Jones Pedersen, a/k/a "Red" Pedersen, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT SEVEN
### (Use of Unauthorized Access Devices)

On or about and between September 26, 2011, and October 5, 2011, in the District of Oregon, the Western District of Washington, and the Northern District of California, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** with intent to defraud, did knowingly use and attempt to use unauthorized access devices that were stolen from David Jones Pedersen, a/k/a "Red" Pedersen, to obtain money and other things of value aggregating $1,000 or more, said use and attempt to use affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(2), 1029(b)(1), and 1029(c)(1)(A)(i), and Section 2.

## COUNT EIGHT
### (Aggravated Identity Theft)

On or about and between September 26, 2011, and October 5, 2011, in the District of Oregon, the Western District of Washington, and the Northern District of California, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did knowingly possess and use, without lawful authority, a means of identification of another person, namely David Jones Pedersen, a/k/a "Red" Pedersen, during and in relation to a felony violation of 18 U.S.C. §§ 1029(a)(2) and 1029(b)(1), in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

/ / /

/ / /

/ / /

**Indictment**                                                                 **Page 17**

## COUNT NINE
### (Use of Unauthorized Access Devices)

On or about and between September 26, 2011, and October 5, 2011, in the District of

Oregon, the Western District of Washington, and the Northern District of California, defendants

**DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,**

with intent to defraud, did knowingly use unauthorized access devices that were stolen from

Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen, to obtain money and other things of value

aggregating $1,000 or more, said use affecting interstate commerce, in violation of Title 18,

United States Code, Sections 1029(a)(2) and 1029(c)(1)(A)(i), and Section 2.

## COUNT TEN
### (Aggravated Identity Theft)

On or about and between September 26, 2011, and October 5, 2011, in the District of

Oregon, the Western District of Washington, and the Northern District of California, defendants

**DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**

did knowingly possess and use, without lawful authority, a means of identification of another

person, namely Leslie Mae Pedersen, a/k/a "Dee Dee" Pedersen, during and in relation to a

felony violation of 18 U.S.C. § 1029(a)(2), in violation of Title 18, United States Code, Section

1028A(a)(1) and Section 2.

## COUNT ELEVEN
### (Carjacking, Resulting in Death)

On or about October 1, 2011, in the District of Oregon, defendants **DAVID JOSEPH**

**PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY,** with the intent to

cause death or serious bodily harm, did take a motor vehicle that had been transported and

shipped in interstate commerce, that is, a 1999 white Plymouth Breeze bearing Oregon license

**Indictment**                                                                                    **Page 18**

plate 025 CCH, from Cody Faye Myers, by force, violence, and intimidation, and in so doing,

killed Cody Faye Myers, in violation of Title 18, United States Code, Section 2119(3) and

Section 2.

### COUNT TWELVE
**(Using/Carrying Firearms in Crime of Violence, Causing Death)**

On or about October 1, 2011, in the District of Oregon, defendants **DAVID JOSEPH**

**PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** did knowingly use

and carry firearms during and in relation to a crime of violence, namely, the carjacking alleged in

Count Eleven of this Indictment, which Count is incorporated by reference as if fully set forth

herein, and in so doing, the defendants committed murder as defined in Title 18, United States

Code, Section 1111, that is, the unlawful killing of Cody Faye Myers, with malice aforethought,

such murder being willful, deliberate, malicious, premeditated and committed in the perpetration

of a kidnapping and robbery, in violation of Title 18, United States Code, Sections 924(c) and

924(j)(1), and Section 2.

### COUNT THIRTEEN
**(Transportation of Stolen Motor Vehicle)**

On or about October 4, 2011, in the District of Oregon and the Northern District of

California, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and**

**HOLLY ANN GRIGSBY** did transport in interstate commerce, that is, from the State of Oregon

to the State of California, a motor vehicle, that is, a 1999 white Plymouth Breeze bearing Oregon

license plate 025 CCH, knowing the same to have been stolen from Cody Faye Myers, in

violation of Title 18, United States Code, Sections 2312 and 2.

/ / /

/ / /

**Indictment**                                                                 **Page 19**

## COUNT FOURTEEN
### (Felon in Possession of a Firearm - Armed Career Criminal)

On or about and between September 27, 2011, and October 4, 2011, in the District of

Oregon, defendant **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN,** having been

previously convicted of a crime punishable by imprisonment for a term exceeding one year,

specifically:

A.    Robbery II with a Firearm, on or about March 6, 1997, in the Circuit Court of the
State of Oregon, for the County of Marion, Case No. 97C20108;

B.    Robbery II with a Firearm, on or about March 6, 1997, in the Circuit Court of the
State of Oregon, for the County of Marion, Case No. 97C20313;

C.    Assault on a Public Safety Officer, on or about November 22, 2000, in the Circuit
Court of the State of Oregon, for the County of Malheur, Case No. 00-03-280-C;

D.    Threatening to Assault and Murder a United States District Judge, on or about
December 14, 2001, in the United States District Court for the District of Idaho,
Case No. 1:CR 0I-101-01S-BLW; and

E.    Mailing Threatening Communications, on or about December 31, 2002 (Amended
Judgment), in the United States District Court for the District of Oregon, Case No.
CR 01-30102-3-AA,

did knowingly and unlawfully possess one or more of the following firearms and ammunition:

1.    a Hi Point, Model C-9, 9mm luger pistol, serial number P1577584;

2.    a Jimenez Arms, Inc. .22 caliber semi-automatic pistol, serial number 1147247;

3.    a Mosin-Nagant 7.62mm bolt action rifle, bolt serial number CE8025, rifle serial
number 9130250297;

4.      approximately 76 rounds of CCI .22 caliber ammunition;

5.      approximately 40 rounds of PMC 9mm luger ammunition; and

6.      approximately 100 rounds of JSC 7.62 ammunition,

which had previously been transported in interstate commerce; all in violation of Title 18, United
States Code, Sections 922(g)(1) and 924(e)(1).

## COUNT FIFTEEN
### (Felon in Possession of a Firearm)

On or about and between September 27, 2011, and October 4, 2011, in the District of
Oregon, defendant **HOLLY ANN GRIGSBY**, having been previously convicted of a crime
punishable by imprisonment for a term exceeding one year, specifically:

A.      Conspiracy to Commit Unauthorized Use of a Vehicle, on or about October 25,
        2005, in the Circuit Court of the State of Oregon, for the County of Multnomah,
        Case No. 050734471;

B.      Unauthorized Use of a Vehicle and Identity Theft (2 counts), on or about January
        10, 2006, in the Circuit Court of the State of Oregon, for the County of
        Multnomah,  Case No. 051137170; and

C.      Identity Theft (4 counts), on or about December 8, 2008, in the Circuit Court of
        the State of Oregon, for the County of Multnomah, Case No. 080632669,

did knowingly and unlawfully possess one or more of the following firearms and ammunition:

1.      a Hi Point, Model C-9, 9mm luger pistol, serial number P1577584;

2.      a Jimenez Arms, Inc. .22 caliber semi-automatic pistol, serial number 1147247;

3.      a Mosin-Nagant 7.62mm bolt action rifle, bolt serial number CE8025, rifle serial
        number 9130250297;

4.      approximately 76 rounds of CCI .22 caliber ammunition;

5.      approximately 40 rounds of PMC 9mm luger ammunition; and

6.      approximately 100 rounds of JSC 7.62 ammunition,

which had previously been transported in interstate commerce; all in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

## NOTICE OF SPECIAL FINDINGS

1. The allegations of **Counts Three, Four, Five, Eleven, and Twelve** of this Indictment are incorporated by reference as if fully set forth herein.

2. As to **Counts Three, Four, Five, Eleven, and Twelve** of this Indictment, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**:

a.      were more than 18 years of age at the time of the offense (18 U.S.C. § 3591(a));

b.      intentionally killed the victim(s) named in the respective capital count (18 U.S.C. § 3591(a)(2)(A));

c.      intentionally inflicted serious bodily injury that resulted in the death of the victim(s) named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

d.      intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim(s) named in the respective capital count died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

> e.     intentionally and specifically engaged in one or more acts of violence,
> knowing that the act or acts created a grave risk of death to a person, other
> than a participant in the offense, such that participation in such act or acts
> constituted a reckless disregard for human life, and the victim(s) named in
> the respective capital count died as a direct result of such act or acts (18
> U.S.C. § 3591(a)(2)(D)).

3. As to **Counts Three, Four and Five**, and as pertains to defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY**, the death of David Jones Pedersen, a/k/a "Red" Pedersen, occurred during the commission of a kidnapping in violation of Title 18, United States Code, Section 1201 (18 U.S.C. § 3592(c)(1)).

4. As to **Counts Four and Eleven**, defendant **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN,** has previously been convicted of a State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person, that is, Robbery II With a Firearm on January 22, 1997, in violation of Section 164.405 of the Oregon Revised Statutes, judgment entered on or about March 6, 1997, in *State of Oregon v. Pedersen*, in the Marion County Circuit Court, Case No. 97C20108; and Robbery II With a Firearm on January 13, 1997, in violation of Section 164.405 of the Oregon Revised Statutes, judgment entered on or about March 6, 1997, in *State of Oregon v. Pedersen*, in the Marion County Circuit Court, Case No. 97C20313 (18 U.S.C. § 3592(c)(2)).

5. As to **Counts Three, Four and Five**, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** committed the offense in an

especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to David Jones Pedersen, a/k/a "Red" Pedersen (18 U.S.C. § 3592(c)(6)).

6. As to **Counts Three, Four, Five, Eleven, and Twelve** of this Indictment, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** committed the offense in the expectation of the receipt of items of pecuniary value (18 U.S.C. § 3592(c)(8)).

7. As to **Counts Three, Four, Five, Eleven, and Twelve** of this Indictment, defendants **DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY** committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

DATED this _16_ day of August 2012.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

S. AMANDA MARSHALL
United States Attorney

JANE SHOEMAKER
Assistant United States Attorney

HANNAH HORSLEY
Assistant United States Attorney

**Indictment**                                                                                     **Page 24**