UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

DAVID JOSEPH PEDERSEN and
HOLLY ANN GRIGSBY,

        Defendants.

Case No. 3:12-cr-00431-HA

OPINION AND ORDER

HAGGERTY, District Judge:

        Defendants David Joseph Pedersen (Pedersen) and Holly Ann Grigsby (Grigsby) are

charged in a fifteen count indictment.  Defendants are charged in Count One with Racketeering,

in violation of 18 U.S.C. § 1962(c); in Count Two with participating in a Racketeer Influenced

and Corrupt Organizations Act conspiracy, in violation of 18 U.S.C. § 1962(d); and the

PAGE 1 - OPINION AND ORDER

remaining thirteen counts relate to acts of violence, use and possession of firearms, and other

criminal activity alleged to have been committed during a nine-day period in Washington,

Oregon, and California, from September 26, 2011 through October 5, 2011. The indictment in

this case includes a Notice of Special Findings regarding five counts that could form the basis for

a death penalty prosecution. Counts Three, Five, and Twelve charge defendants with

using/carrying a firearm in relation to crimes of violence causing death, in violation of 18 U.S.C.

§§ 924(c), 924(j)(1) and 2. Count Four charges the defendants with kidnapping resulting in

death, in violation of 18 U.S.C. §§ 1201(a)(1) and (2); and Count Eleven charges defendants with

carjacking resulting in death, in violation of 18 U.S.C. §§ 2119(2) and (3). Grigsby filed a

Motion for a Revised Scheduling Order [95] and Pedersen filed a Motion Regarding Conditions

of Pretrial Confinement [109]. Oral argument was held on June 20, 2013. In addition to the

parties, Multnomah County Counsel appeared at the hearing. During that hearing, concerns were

raised regarding an additional issue, this court's Order to Transport Evidence [107]. For the

following reasons, the Motion for a Revised Scheduling Order [95] is denied with leave to renew

and the Motion Regarding Conditions of Pretrial Confinement [109] is granted in part and denied

in part as follows. This court's Order to Transport Evidence [107] is stricken with leave to

renew.

## DISCUSSION

The indictment in this case was entered on August 16, 2012. At this time, the parties

have been engaged in extensive discovery and investigation. The government is currently

considering whether to seek the death penalty against each defendant. The deliberative process

by which the government makes that determination is known as the Death Penalty Protocol

(DPP) and it is governed by guidelines in the U.S. Attorney's Manual (USAM). Pursuant to the DPP, the United States Attorney for the District of Oregon submits a death penalty evaluation form and memorandum to the Attorney General of the United States setting forth the United States Attorney's recommendations regarding the propriety of the death penalty in this case. The USAM provides that the United States Attorney "shall give counsel for the defendant a reasonable opportunity to present any facts, including mitigating factors, for the consideration of the United States Attorney." USAM § 9-10.050. The mitigation materials submitted by defense counsel are included in the United States Attorney's submission to the Attorney General. USAM § 9-10.080.

The materials submitted by the United States Attorney are then reviewed by the Attorney General's Review Committee on Capital Cases, and if the United States Attorney recommends pursuit of the death penalty or a member of the committee requests a conference, defense counsel have the opportunity to "present evidence and argument in mitigation." USAM § 9-10.120.

This court previously ordered [37] that all discovery, except discovery generated as a result of ongoing investigations, be produced to defendants by February 1, 2013. When the government had difficulty meeting that deadline due to difficulties in procuring discovery from third parties, the court modified [53] that order and required all discovery, except discovery generated as a result of ongoing investigations, to be produced by March 3, 2013.

The government has continued to struggle to produce discovery in a timely manner and in formats accessible to the defense teams. These discovery problems have resulted, not from bad faith on the part of the government, but from the fact that the government has had difficulty in obtaining the discovery from third party law enforcement agencies. Nonetheless, it is imperative

PAGE 3 - OPINION AND ORDER

that the government continue to work diligently to produce all discovery in its possession and in

formats that may easily be accessed by the defense teams. As a result of the discovery delays, the

government and Pedersen do not oppose a modification to the case schedule. However, the

parties have not been able to agree on specific dates and Pedersen appears to oppose a delay

greater than eight weeks. This court also has concerns regarding a lengthy delay. Because the

parties have not been able to reach agreement, the court is denying Grigsby's Motion for a

Revised Scheduling Order [95] with leave to renew. Accordingly, the conference with the

Capital Review Committee, if any, remains set for August 19, 2013 and the status hearing

following the Capital Review Committee remains set for November 12, 2013. So long as all

parties can agree to modified dates, the court would grant a continuance of each date by not more

than eight weeks.

Defendant Pedersen has been detained for the past eight months at the Multnomah

County Detention Center (MCDC). During that time, he has been kept in "administrative

segregation" and has been restrained with the use of handcuffs and shackles attached to a belly

chain during legal visits. Defendant contends that MCDC must review his placement in

administrative segregation every thirty days and that the use of full restraints is punitive in

nature, painful, interferes with his ability to participate in legal meetings, and is unwarranted.

Additionally, defendant contends that officers at MCDC have been reviewing the substantive

content of material defendant brings to his legal visits, and that the U.S. Marshal is keeping the

U.S. Attorney's Office (USAO) apprised of defense visits with Pedersen.

Persons accused of federal crimes may be detained pending trial pursuant to 18 U.S.C. §§

4001 and 4086.[1]  Defendants held in pretrial confinement are guaranteed the Sixth Amendment's

right to the assistance of counsel, and the Fifth and Fourteenth Amendments' Due Process rights.

Though the government has not yet made a determination that it will ultimately seek the death

penalty with respect to either defendant, both defendants stand accused of capital crimes and face

a possible sentence of death.  As such, they are afforded rights and benefits atypical of a

defendant charged with crimes punishable by fines and imprisonment.  *See, e.g.*, 18 U.S.C . §

3005 (providing for at least two defense counsel, one learned in the law applicable to capital

cases); *United States v. Perez*, 222 F. Supp. 2d 164, 169-70 (D. Conn. 2002) (holding that

proceedings are capital until the government indicates that it will not seek the death penalty).

     The rights of pretrial detainees are protected under the Due Process Clause.  *Bell v.

Wolfish*, 441 U.S. 520, 535 n.16 (1979).  The government has the right to detain defendants prior

to trial, and "may subject [defendants] to the restrictions and conditions of the detention facility

so long as those conditions and restrictions do not amount to punishment, or otherwise violate

the Constitution."  *Id*. at 536-37.  Therefore, when reviewing challenges to the conditions of

pretrial confinement, the operative question is whether a particular condition "is imposed for the

purpose of punishment or whether it is but an incident of some other legitimate governmental

purpose."  *Id*. at 538.  "Absent proof of intent to punish . . . this determination generally will turn

on whether an alternative purpose to which the restriction may rationally be connected is

---

    [1] In addition to his confinement for the pending charges in the instant case, Pedersen is
serving two life sentences for two murders committed in Washington State.  However, his
confinement for the charges in this case is still considered "pretrial" and may not be utilized to
punish him for charges that have already been adjudicated in light of the fact that he was not
sentenced to incarceration at MCDC for the murders committed in Washington, but to assist in
his prosecution in the District of Oregon.

PAGE 5 - OPINION AND ORDER

assignable for it, and whether it appears excessive in relation to the alternative purpose assigned

to it." *Block v. Rutherford*, 468 U.S. 576, 584 (1984) (citations and quotations omitted). If a

particular condition of confinement "is not reasonably related to a legitimate goal – if it is

arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental

action is punishment." *Id.* (citations and quotations omitted). In considering this question, the

court is mindful that security concerns are legitimate concerns and "such considerations are

peculiarly within the province and professional expertise of corrections officials, and, in the

absence of substantial evidence in the record to indicate that the officials have exaggerated their

response to these considerations courts should ordinarily defer to their expert judgment in such

matters." *Id.* at 584-85 (quotations and citations omitted).

     The U.S. Department of Justice has adopted administrative rules and regulations to ensure

that the Due Process rights of federal pretrial detainees are protected. For federal detainees held

by the Bureau of Prisons (a distinct minority) such rules are set forth in the Code of Federal

Regulations. *See, e.g.*, 28 C.F.R. § 541.23 (describing circumstances where administrative

detention is appropriate); 28 C.F.R. § 541.26 (providing for review of placement in

administrative segregation). A majority of federal defendants awaiting trial are held in state and

local facilities pursuant to intergovernmental agreements. Such facilities are required to meet

"Federal Performance-Based Detention Standards."[2] These standards require a facility's director

to "ensure[] that restraints are used only when necessary" and "only for non-punitive purposes."

Aside from use during transport, the use of handcuffs, belly chains, and shackles on detainees is

"prohibited except: in emergent circumstances in which a detainee's behavior presents a direct an

---

    [2] Available at http://www.justice.gov/ofdt/publications.html

PAGE 6 - OPINION AND ORDER

immediate threat to the safety of others . . . and when less restrictive interventions have been determined to be ineffective."

In the present case, defendant contends that MCDC has kept him in administrative segregation for the past eight months without explanation.[3]  Additionally, defendant has been kept in full restraints during legal visits.  Just prior to oral argument on defendant's motion, the court was made aware that the U.S. Marshal would be transferring defendant from MCDC to the Federal Correctional Institute at Sheridan.  It appears that the defense will be challenging this transfer and as such, it is unclear where defendant will be placed moving forward.  As such, this issue may soon become moot and the court defers ruling on this issue until it is clear where defendant will be housed.[4]  A hearing regarding defendant's transfer has been scheduled for July 2, 2013 at 9:00 AM.  Until that time, the location of defendant's confinement is left to the discretion of the U.S. Marshal so long as the defense team has regular access to him.

Unlike the issues surrounding defendant's placement in administrative segregation, the court concludes that a ruling regarding the use of full restraints is warranted at this time. Defendant's concerns with respect to the use of full restraints fall within the mootness doctrine's exception for disputes "capable of repetition, yet evading review" in light of the fact that

---

[3] During oral argument, Multnomah County Counsel stated that MCDC has routinely reviewed Pedersen's placement in administrative segregation.  It is unclear why this information or the basis for this placement has not been presented to the defense before oral argument today.

[4] Regardless of where defendant is confined, absent some new conduct demanding security precautions, the court is confident that defendant will be removed from administrative segregation shortly.  If not, the government may be limited during trial in what proof they might offer regarding defendant's future dangerousness, as the government will not be permitted to use his placement in administrative segregation as both a sword and a shield. *Skipper v. South Carolina*, 476 U.S. 1, 4 n.1 (1986).

PAGE 7 - OPINION AND ORDER

defendant will, at a minimum, routinely be placed at MCDC for short periods of time in the future prior to and following court hearings. *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 546 (1976). At oral argument, Multnomah County Counsel assured the court that Pedersen would no longer be placed in full restraints during legal visits. However, an institution's "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). Accordingly, the voluntary cessation of challenged conduct moots a claim only if "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). This is a heavy burden and must be carried by the party asserting mootness. *Id.* In this case, the court is unconvinced that such conduct will not recur given that MCDC has persisted in restraining defendant for several months despite complaints from the defense team. Rather, it appears that the decision to cease using full restraints comes only to avoid an adverse ruling from this court.

After reviewing the evidence, including the declaration [111] of defense counsel Richard Wolf, the court is left with little doubt that the use of full restraints on Pedersen during legal visits constitutes punishment above and beyond any legitimate security concern. The use of full restraints violates the Federal Performance-Based Detention Standards, hinders Pedersen's participation in legal visits, is not related to any misbehavior during the past eight months, and is not a standard condition for those awaiting trial in a capital case. Moreover, as discussed below, MCDC's substantive review of Pedersen's legal documents casts a dark shadow over any

PAGE 8 - OPINION AND ORDER

protestations of legitimate security concerns.  Accordingly, unless and until defendant commits

some new act that raises legitimate security concerns in the context of legal visits, defendant

shall not be placed in full restraints at MCDC during such visits.

Lastly the court turns to defendant's concerns regarding the confidentiality of defense

team communications and legal meetings.  This issue is not moot for the same reasons this court

determined the use of restraints on Pedersen to not be moot.  Officers at MCDC have been

reviewing the substantive content of material that Pedersen has brought to legal visits and have

demanded explanations from counsel regarding how such material relates to his defense.  This

behavior is unacceptable.  That Multnomah County Counsel has been made aware of and

acknowledges this as a "recurring problem" and that it has continued nonetheless is troubling.

Any officer reviewing the substance of Pedersen's legal material from this point forward will be

held in contempt of court.  Multnomah County Counsel is ordered to provide a copy of this order

to any corrections officers interacting with defendant to ensure that there is no confusion.

Additionally, the U.S. Marshal has informed the USAO regarding interactions that

occurred between Pedersen and his defense team.  While it is not clear what information has been

provided to the USAO at this juncture, and this court has no reason to believe that the U.S.

Marshal's office has provided confidential information to the USAO or otherwise acted

inappropriately, it is imperative that Pedersen's Sixth Amendment rights be preserved.  As such,

the court enters the following order out of an abundance of caution.  The USAO is ordered to

produce to the defense any and all communications, whether recorded or not, from the U.S.

Marshal and/or the Multnomah County Sheriff's Office (MCSO) to the USAO that relate in any

way to Pedersen's interactions or communications with his legal team.  The MCSO shall produce

PAGE 9 - OPINION AND ORDER

to the defense any reports, documents, or recordings made by the MCSO or in the possession of the MCSO that relate in any way to interactions or communications between Pedersen and his legal team. The production of such records are due in one week and the USAO and MCSO are advised that this order should be interpreted broadly in order to err on the side of additional production.

Moreover, the MCSO and the U.S. Marshall are prohibited from communicating with the USAO regarding contact between Pedersen and his legal team, including activity occurring during legal visits, the frequency of such visits, the identity of persons attending such visits, and any communications between the defense team and Pedersen. If either the MCSO or the U.S. Marshall have concerns regarding defense team activity, they are encouraged to bring those concerns to the attention of the defense team or, as a second option, to this court. Such information may only be provided to the USAO after approval from this court, at which time it will be provided to the defense as well. This order shall not be interpreted to prevent the MCSO and U.S. Marshal from furnishing information to the USAO that is unrelated to Pedersen's defense or his interactions and communications with his defense team. That information, of course, must be provided to the defense through ongoing discovery from the USAO.

**CONCLUSION**

For the reasons provided, defendant Grigsby's Motion for a Revised Scheduling Order [95] is DENIED as moot and defendant Pedersen's Motion Regarding Conditions of Pretrial Confinement [109] is GRANTED IN PART and DENIED IN PART. This court's Order to Transport Evidence [107] is STRICKEN with leave to renew. A hearing is scheduled for July 2, 2013 to review defendant Pedersen's transfer from MCDC to FCI Sheridan. Though defense

PAGE 10 - OPINION AND ORDER

counsel indicated that she hoped to brief this issue by June 21, 2013, defendant's brief regarding

this issue is not due until 1:00 PM on June 24, 2013.  The government's response is due June 27,

2013.

       IT IS SO ORDERED.

       Dated this _20_ day of June, 2013.

                                 ANCER L. HAGGERTY
                             United States District Judge

PAGE 11 - OPINION AND ORDER