UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

UNITED STATES OF AMERICA

v.

DAVID JOSEPH PEDERSEN,
a/k/a "JOEY" PEDERSEN, and
HOLLY ANN GRIGSBY,

Defendants.

Case No. 3:12-CR-00431-HA

DECLARATION OF
DETECTIVE DAVE STEELE IN
SUPPORT OF GOVERNMENT'S
RESPONSE TO DEFENDANT
GRIGSBY'S MOTION FOR REVISED
SCHEDULING ORDER
[CR 216]

Hearing: October 16, 2013 at 10:30 a.m.

I, Dave Steele, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am a Detective with the Oregon State Police (OSP). I am currently assigned to the Major Crimes Unit, and have been the lead detective in the investigation of David Joseph Pedersen, Holly Grigsby, and other related people since October 4, 2011. I have worked on other death penalty cases in the state system while employed at OSP. This is my first federal death penalty case.

2. In my experience at OSP, state death penalty cases have been divided into two separate investigations. One is the investigation of the criminal conduct, and the other is the death penalty investigation where we conduct background investigations concerning the subjects. The death penalty investigation usually does not take place until we have completed the investigation

of the criminal conduct. One exception is the death penalty background interviews with immediate family members. Because we already know immediate family members will have relevant information, we generally try to conduct their death penalty interviews at the same time we interview them about any knowledge they may have of the criminal offense. We typically use a questionnaire for the background questions, and that portion of the interview is considered to be part of the death penalty process and not of the criminal investigatory process. These interviews and questionnaires are usually set aside until we start the death penalty process. We are generally not ready to conduct other death penalty interviews until we complete the criminal investigation.

3. In November 2011, other detectives who were working with or assisting the Major Crimes Unit and I conducted death penalty background interviews with five immediate family members of David Joseph "Joey" Pedersen and Holly Grigsby ("Death Penalty Interviews"). I interviewed Holly Perez and Joel Perez. Holly Perez is Mr. Pedersen's sister, and Joel Perez is her husband. Other detectives were assigned to interview Mr. Pedersen's mother (Linda Pedersen), as well as Holly Grigsby's biological parents (Erlene Onofrichuk and Fred Grigsby).

4. The recordings and reports of the Death Penalty Interviews done in this case were set aside and maintained separately from the investigatory reports and evidence at OSP. This was consistent with our normal practice in state death penalty cases at OSP, but I do not remember ever talking to AUSAs Hannah Horsley and Jane Shoemaker about that practice or the fact that the Death Penalty Interviews were kept separate from the rest of the reports and evidence in this case.

5. AUSAs Hannah Horsley and Jane Shoemaker have repeatedly told me and other members of the investigatory team that we had to send them all of the reports and evidence so they could provide it to the defense in discovery. Based on my state death penalty experience at OSP,

I understood those requests to apply to the reports and evidence generated through the investigatory process, not the separate death penalty process, but I had never talked to AUSAs Hannah Horsley and Jane Shoemaker about that understanding.

6.      During team meetings in September 2013 to discuss the death penalty investigation and additional interviews that needed to be done, we talked about the fact that five Death Penalty Interviews had been done at the beginning of the investigation and set aside.   AUSAs Hannah Horsley and Jane Shoemaker said they did not realize the Death Penalty Interview materials had been set aside, and they directed OSP to immediately mail the Death Penalty Interview materials to the U.S. Attorney's Office to be produced in discovery.   Those recorded interviews and the related materials we had set aside were sent to the U.S. Attorney's Office on September 27, 2013 via UPS.

Dated this 15th day of October, 2013.

_____
DAVE STEELE
Detective, Oregon State Police

**PAGE 3 -    DECLARATION OF DETECTIVE DAVE STEELE**