## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:12-CR-00431-HA |
| v. | |
| DAVID JOSEPH PEDERSEN,<br>a/k/a "JOEY" PEDERSEN, and<br>HOLLY ANN GRIGSBY, | DECLARATION OF AUSA<br>HANNAH HORSLEY IN SUPPORT OF<br>GOVERNMENT'S RESPONSE TO<br>DEFENDANT PEDERSEN'S<br>SUPPLEMENTAL FILING ON THE |
| **Defendants.** | DISCOVERY PROBLEMS AND THE<br>ISSUES OF NEGLIGENCE,<br>INADVERTENCE, OR BAD FAITH<br>[CR 246] |

I, Hannah Horsley, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.      I am an Assistant United States Attorney (AUSA) for the District of Oregon, and have been assigned to prosecute the above-captioned case along with AUSA Jane Shoemaker.

2.      On October 16, 2013, I submitted a declaration in support of Government's Response to Defendant Pedersen's Motion to Compel Discovery.   [CR 242]   I stated therein that the information contained in my declaration was "true and correct to the best of my knowledge and belief."   I obtained a significant amount of the information for my declaration from Susan Cooke, who is the Supervisory Information Technology Specialist for the Automated Litigation Support unit of the U.S. Attorney's Office, and the person who has the lead responsibility for the production of discovery in this case.   Ms. Cooke understands the technological details of the

discovery in this case much better than I do, and I have relied on her to provide information about our discovery production and index in preparing my declarations for the court.

3.       While I was preparing that declaration on October 15, 2013, Defendant Pedersen's counsel, Renee Manes, sent an email to the Court's law clerk and all counsel at 7:41 p.m., stating "On the issue of inadvertence versus intentional discovery failures and bad faith, we will be drawing the Court's attention to the discussion in United States v. Chapman, 524 F.3d 1073 (9th Cir. 2008." Ms. Manes then included two block quotes from the *Chapman* opinion in the email, including one that referenced the fact that the AUSA in *Chapman* "failed to keep a log indicating disclosed and nondisclosed materials," as well as the court's conclusion that the AUSA's "failure to produce documents and to record what had or had not been disclosed" were part of the basis for the court's finding of flagrant misconduct in that case.

4.       After I read Ms. Manes' email, I asked Susan Cooke to give me a brief description of our discovery index and/or logs, including information about the number of entries, pages, and fields, so that I could include it in my declaration as one basis for distinguishing this case from *Chapman*.   Ms. Cooke and other USAO staff have maintained and updated the discovery index on a regular basis as new discovery is produced.   Ms. Cooke sent me a responsive email, stating:

> The discovery index tracks each and every item (usually documents or recordings) in discovery including the bates number, volume, number of pages and a brief description.   In addition it often contains much more detail such as author, document date, document type, document/recording time, original filename, source and so on. There can be dozens of 'fields' like these listed in the index.   The index was created with the first production of discovery.   To date, our Discovery Index covers 32 volumes, over 48,000 pages of discovery and hundreds of hours of audio/video recordings.   The index itself is compiled from a combination of agency records (in this case evidence logs, agency report indices) and information (metadata) extracted from electronic files - typically this includes

**PAGE 2 -    DECLARATION OF AUSA HANNAH HORSLEY**

relevant and helpful information such as original filename, folder/subfolders, author, date, and filetype. It is our practice to provide the index with each and every production to defense so that they have the most information possible to navigate the thousands of pages and find what they are looking for, and indeed we have done that in the Pedersen Grigsby case(s). The Discovery Index is far more specific than the Discovery Log. The Discovery Index, if printed today, would be over 1,800 pages long. We have provided this, in its entirety, to defense counsel throughout the discovery process to aid and assist in their review.

5.    Based on Ms. Cooke's email, which was consistent with my less detailed

understanding of the discovery log and indices that we have maintained and produced in this case,

I included the following information in my declaration:

6.    The USAO maintains a Discovery Log that tracks exactly what was provided to defense counsel, to whom it was provided, the date provided, and a brief description and any notes regarding it.

7.    Ms. Cooke also maintains a Discovery Index, which tracks each and every item (usually documents or recordings) in discovery including the Bates number, volume, number of pages, and a brief description of the item, as well as other identifying fields. The index was created with the first production of discovery. To date, our Discovery Index for this case covers all 32 volumes, including the 48,000+ pages of discovery and hundreds of hours of audio/video recordings referenced above. The index itself is compiled from a combination of agency records (in this case evidence logs, agency report indices) and information (metadata) extracted from electronic files - typically this includes relevant and helpful information such as original filename, folder/subfolders, author, date, and filetype.

8.    It is our practice to provide the index with each and every production to defense so that they have the most information possible to navigate the thousands of pages and find what they are looking for, and indeed we have done that in this case. The Discovery Index is far more specific than the Discovery Log. We have provided this, in its entirety, to defense counsel throughout the discovery process to aid and assist in their review of the discovery.

**PAGE 3 -    DECLARATION OF AUSA HANNAH HORSLEY**

6.      On October 16, 2013, at 7:49 p.m., I received an email and three-page letter from Renee Manes requesting a copy of the government's discovery indices and making numerous allegations about what had and had not previously been provided to the defense, as well as allegations about the truthfulness of the government's representations in declarations and at oral argument earlier that day related to pretrial motions 216 and 222.   Ms. Manes asked for a copy of the discovery indices by close of business the next day.

7.      On October 16, 2013 at 11:08 p.m., I sent Renee Manes an email, stating that I would discuss this with Susan Cooke, the government's discovery coordinator, first thing in the morning and resolve it by close of business if at all possible.

8.      On October 17, 2013 at 5:03 p.m. and 8:11 p.m., I sent Renee Manes two emails explaining why the government could not respond completely and accurately by the deadline Ms. Manes had sought to impose, including the fact that some discovery volumes were inaccessible due to the pending taint review process, and asking for the professional courtesy to allow us to substantively respond when the taint process was completed.   An explanation of why the government needed more time to respond to the request and allegations is set forth in the Declaration of Susan Cooke in Support Of Government's Response to Defendant Pedersen's Supplemental Filing on the Discovery Problems and the Issues of Negligence, Inadvertence, Or Bad Faith.

9.      On October 22, 2013, Susan Cooke notified me that she had removed work product from the government's discovery index and it was ready to copy for defense counsel, pursuant to their request.   That same day, we provided each defense counsel with a copy of "Government's Discovery Index as of October 22, 2013 (Work Product Removed)" in an Excel format.   The

**PAGE 4 -    DECLARATION OF AUSA HANNAH HORSLEY**

Declaration of Susan Cooke explains how this indexing information was previously provided to the defense in a variety of formats for their convenience.

10.    Since filing my declaration on October 16, 2013, it has come to my attention that the discovery index for this case is maintained in a variety of different formats, and that the amount and type of indexing information varies, as detailed in the Declaration of Susan Cooke.   I now realize that the indices for some discovery volumes have less detailed information than I had seen with other productions and that I understood we were providing in this case when I prepared my declaration of October 16, 2013.

Dated this 24th day of October, 2013.

HANNAH HORSLEY
Assistant United States Attorney

**PAGE 5 -    DECLARATION OF AUSA HANNAH HORSLEY**