UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID JOSEPH PEDERSEN,

    Defendant.

Case No. 3:12-cr-00431-HA

ORDER

HAGGERTY, District Judge:

    Defendant David Joseph Pedersen (Pedersen) is charged in a fifteen count indictment. Pedersen is charged in Count One with Racketeering, in violation of 18 U.S.C. § 1962(c); in Count Two with participating in a Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy, in violation of 18 U.S.C. § 1962(d); and the remaining thirteen counts relate to acts of violence, use and possession of firearms, and other criminal activity alleged to have been

committed during a nine-day period in Washington, Oregon, and California, from September 26, 2011 through October 5, 2011. Pedersen's co-defendant, Holly Ann Grigsby (Grigsby), pleaded guilty to Count One of the indictment on March 11, 2014.

This court held a hearing on April 7-10, 2014, concerning Pedersen's oral motion for a finding of bad faith. Following completion of that hearing, this court issued a Minute Order [415] requiring the defense to "provide the court with copies of any privileged legal communications that demonstrate substantive communications were intercepted" by the government. The court has now reviewed those communications submitted by the defense for *in camera* review and issues this Order to provide the parties with additional information prior to the submission of the simultaneous briefs on April 25, 2014.

The communications submitted should clearly have been treated as privileged legal communications between Pedersen and his defense team. *Fisher v. United States*, 425 U.S. 391, 403 (1976) ("[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged"). Given the broad duties of a criminal defense attorney in a capital case, and the importance of the attorney-client relationship to such a case, even communications between a defendant and his defense team that do explicitly relate to the facts or law of the case should be treated as privileged. The interception of such privileged communications may cause prejudice to the defendant even if the prosecution team does not gain any strategically important information. However, after reviewing the privileged communications submitted by the defense, the court has determined that they contain significant substantive content regarding a number of issues including the facts of the case, legal issues pertaining to the case, strategic discussions, and communications regarding the conditions of Pedersen's confinement.

The court has not yet determined how many privileged communications it believes were read/listened to by members of the prosecution team, but the court is positive that at least some substantive legal communications were reviewed by more than one member of the prosecution team. The court has listened to a number of the telephone calls between Pedersen and his mitigation specialist Teresa McMahill memorialized by Oregon State Police analyst Kim Dempsey in defendant's Exhibit 133.[1] Those telephone calls contain much more information than was relayed in the exhibit. For instance, the call between Pedersen and McMahill on November 21, 2011 is approximately twenty-five minutes long and contains substantive discussions regarding a number of topics material to this case. The information recorded in Exhibit 133 is but a small portion of the total information contained in that telephone call.

The court provides the above information to inform the parties as they prepare their simultaneous briefs. The court reiterates that the government will not have an opportunity to review the privileged recordings. The court is aware of no authority for the proposition that a criminal defendant must waive his attorney-client privilege in a pending case in order to preserve that privilege and seek remedial action regarding violations of the privilege.

IT IS SO ORDERED.

Dated this 17 day of April, 2014.

ANCER L. HAGGERTY
United States District Judge

---

[1] For purposes of the record, the court notes that the communications between Pedersen and McMahill were entirely appropriate and present no evidence of crime fraud.

PAGE 3 - ORDER