

U.S. Department of Justice

S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600     (503) 727-1000
Portland, OR 97204-2902              Fax (503) 727-1117

April 23, 2014

Richard L. Wolf
Attorney at Law
12940 NW Marina Way
Portland, OR  97231-2312

C. Renee Manes
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Re:    *United States v. David Joseph Pedersen, a/k/a Joey Pedersen,*
           Case No. 3:12-cr-431-01-HA
           **Contingent Interlocking Plea Agreement Letter**

Dear Counsel:

       This letter sets forth a plea offer in the above-referenced case. The offer is contingent upon factors set forth in paragraph 2 below.

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, except as specifically set forth in paragraphs 5, 12, and 13. This agreement does not apply to any charges except those mentioned herein.

2.    **Interlocking Agreements**:  The parties to this agreement understand that there are separate and interlocking agreements with defendants Corey Wyatt and Kimberly Scott Wyatt, charged in Case No. 3:13-cr-271-KI. The USAO enters into these agreements in consideration of all defendants' agreements. All promises and commitments made by the USAO in each of these plea agreements are contingent upon and interlocking with one another. Defendant agrees that the USAO's obligations as set forth in this agreement are contingent upon defendants Corey Wyatt and Kimberly Scott Wyatt fulfilling all the terms and conditions of their plea agreements with the USAO. The failure of any other defendant to fulfill their plea agreement will relieve the USAO of its promises and commitments in this agreement. If defendant moves to withdraw his guilty plea at any time, or in any other way fails to abide by the terms and conditions of this agreement, the USAO may withdraw this agreement, is relieved of its obligations under this agreement, and is relieved of all its agreements and obligations set forth in the agreements with defendants Corey

Revised 02/03/10

Richard Wolf and C. Renee Manes
Re: *David Joseph Pedersen, a/k/a Joey Pedersen* Plea Letter
Page 2

---

Wyatt and Kimberly Scott Wyatt. Similarly, if the Court rejects any of these interlocking agreements, defendants Kimberly Scott Wyatt and David Joseph Pedersen, a/k/a Joey Pedersen, will be entitled to withdraw their guilty pleas, and Corey Wyatt and the USAO will be bound by his original plea agreement. Based on the above, the parties agree that Corey Wyatt and Kimberly Scott Wyatt shall be sentenced before defendant Pedersen is sentenced.

3.  **Charges**: Defendant agrees to plead guilty to Count 11 of the indictment, in which he is charged with carjacking resulting in the death of Cody Faye Myers, in violation of Title 18, United States Code, Section 2119(3). Defendant also agrees to waive indictment by a grand jury, venue, and any jurisdictional issues, and plead guilty to Count 1 of a Superseding Information charging defendant with carjacking resulting in the death of Reginald Alan Clark, in violation of Title 18, United States Code, Section 2119(3).

4.  **Penalties**: The maximum sentence, for each count, is life imprisonment, a fine of up to $250,000, five years of supervised release, if released from prison, and a $100 fee assessment. Defendant agrees to pay the $200 fee assessments by the time he enters his guilty pleas or explain to the Court why this cannot be done.

5.  **Dismissal/No Prosecution**: The USAO will move to dismiss the remaining counts and to strike the notice of special findings in the indictment at sentencing. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. The District Attorney's Offices for Lincoln County, Oregon, and Humboldt County, California, have also separately agreed not to file any charges against defendant if defendant pleads guilty and is sentenced to life imprisonment, without possibility of release, and does not seek to withdraw his pleas or set aside his convictions in this case.

6.  **Pending Motions**: Defendant agrees to withdraw all pending motions.

7.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

Richard Wolf and C. Renee Manes
Re: *David Joseph Pedersen, a/k/a Joey Pedersen* Plea Letter
Page 3

---

9. **Advisory Guidelines Calculation**: The parties agree to the following United States Sentencing Guideline calculations:

| | |
|---|---|
| 43 | Base Offense Level based on U.S.S.G. §§ 2B3.1(c) and 2A1.1 (per count) |
| +2 | Grouping Adjustment (2 units) §§ 3D1.2(d) and 3D1.4 |
| -3 | Acceptance of Responsibility (if qualifies, as set forth in paragraph 8 above) |
| 42 | Total Offense Level |

The parties agree defendant is in Criminal History Category VI and that his advisory guideline range is 360-life imprisonment.

10. **Joint Sentencing Recommendation**: As part of the interlocking plea agreements, and after considering the advisory sentencing guideline range, the Commentary to U.S.S.G. §2A1.1, and the factors outlined in 18 U.S.C. § 3553(a), the parties agree to jointly recommend that defendant be sentenced to **life imprisonment, without possibility of release,** on each count, and that the sentences be served concurrently with one another and with the life sentences imposed by the Superior Court for the State of Washington, Snohomish County, in Case No. 11-1-02284-1. It is the parties' understanding and intent that following sentencing defendant will be returned to the State of Washington to serve his sentence there.

11. **No Additional Departures, Adjustments, or Variances**: The parties have agreed upon what they believe is an appropriate sentence in this case, and will not seek any other departures, adjustments, or variances from the jointly recommended sentence.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). Should defendant set aside his conviction or sentence on any grounds, the USAO and the District Attorney's Offices for Lincoln County, California, and Humboldt County, California, may reinstate any charges previously filed, or file additional charges without regard to any prior promises, against defendant and against Corey Wyatt and Kimberly Scott Wyatt.

13. **Court Bound**: This plea agreement is entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Accordingly, the Court must follow the terms of the agreement, including the parties' joint sentencing recommendation, or allow defendant to withdraw his plea. If defendant withdraws his plea, the District Attorney's Offices for Lincoln County, Oregon, and Humboldt County, California, may file any charges against defendant without regard to any prior promises. In addition, if defendant withdraws his plea, the USAO

Richard Wolf and C. Renee Manes
Re: *David Joseph Pedersen* Plea Letter
Page 4

---

may withdraw this agreement, is relieved of its obligations under this agreement, and is relieved of all of its agreements and obligations set forth in the agreements with defendants Corey Wyatt and Kimberly Scott Wyatt.

14.     **Full Disclosure/Reservation of Rights**:   The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.   Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Restitution**: The court shall order restitution to the victims in the full amount of the victims' losses, as required by law and determined by the court.   Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when defendant's financial circumstances change.   In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

16.     **Supervised Release Violations**:   The USAO agrees to file a motion to terminate defendant's supervised release in Case Nos. 6:01-cr-30102-AA-3 and 6:11-cr-60092-AA-1.

17.     **Memorialization of Agreement**:   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

/ / /

Richard Wolf and C. Renee Manes
Re: *David Joseph Pedersen* Plea Letter
Page 5

---

18.  **Deadline**: This plea offer expires if defendant has not accepted the offer and entered his guilty plea by 5:00 p.m. on Thursday, April 24, 2014. The USAO also reserves the right to withdraw this offer at any time prior to entry of a plea if the Court enters any further orders, other than scheduling, in this case.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*[signature]*

JANE SHOEMAKER
Assistant United States Attorney

*[signature]*

HANNAH HORSLEY
Assistant United States Attorney

*[signature]*

GEOFFREY BARROW
Assistant United States Attorney


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I wish to plead guilty because, in fact, I am guilty.

4-23-14
Date

*[signature]*

DAVID JOSEPH PEDERSEN,
a/k/a "JOEY" PEDERSEN
Defendant

/ / /

Revised 02/03/10

We represent the defendant as legal counsel. We have carefully reviewed every part of this agreement with defendant. To our knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/23/2014
Date

_R. Wolf_
RICHARD WOLF
Attorney for Defendant

4-23-14
Date

_C. Manes_
C. RENEE MANES
Attorney for Defendant