Richard L. Wolf OSB #873719
richardlwolf@att.net
Attorney at Law
12940 NW Marina Way
Portland, Oregon 97231-2312
Telephone: (503) 384-0910
Facsimile: (503) 289-3909

C. Renée Manes
Renee_Manes@fd.org
Assistant Federal Public Defenders
101 S.W. Main Street, Suite 1700
Portland, OR 97204
Telephone: (503) 326-2123
Facsimile: (503) 326-5524
Attorneys for Defendant Joey Pedersen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-CR-00431-HA |
| Plaintiff, | |
| vs. | **PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA** |
| **DAVID JOSEPH PEDERSEN, a/k/a JOEY PEDERSEN and HOLLY ANN GRIGSBY,** | |
| Defendants. | |

The defendant represents to the court:

1. My name is David Joseph Pedersen. I am 33 years old. I have gone to school up to and including obtaining my GED and have also taken some paralegal courses.

2. My attorneys are Richard Wolf, Learned CJA Counsel, and Assistant Federal Public Defender C. Renée Manes.

3. My attorneys and I have discussed my case fully. I have received a copy of the Indictment and the Superseding Information. I have read those documents. My attorneys have counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows: Count 11 of the Indictment, carjacking resulting in the death of Cody Faye Myers, in violation of Title 18, United States Code, Section 2119(3); and Count 1 of a Superseding Information charging defendant with carjacking resulting in the death of Reginald Alan Clark, in violation of Title 18, United States Code, Section 2119(3). I also understand that I am waiving indictment by a grand jury, venue, and any jurisdictional issues, to the charge in the Superseding Information. I have had a full and adequate opportunity to disclose to my attorneys all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorneys.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days that affect my thinking or may ability to reason.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

    a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

    b. The right to have the assistance of an attorney at all stages of the proceedings;

    c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

    d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

  e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

  f. The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed.

9. In this case I am pleading "GUILTY" under Rule 11(c)(1)(C). My attorney has explained the effect of my plea under Rule 11(c)(1)(C) to be as follows:

> My plea of guilty is under Rule 11(c)(1)(C); therefore, at the time of sentencing, the judge must either impose the specific sentence agreed upon by the prosecutor and me, or allow me to withdraw my plea.

10. I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is life imprisonment and a fine of $250,000, for each count and five years of supervised release if released from prison.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count of conviction.

12. I know that there is no anticipation that a fine will be ordered in this case in light of my sentence of life-without-parole. However, if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorneys have discussed with me the Federal Sentencing Guidelines. I also know that my Rule 11(c)(1)(C) plea agreement requires a sentence of life-without-parole.

14. I understand that, given my anticipated sentence is life-without-parole, there is no anticipation of any reduction of my sentence for good time.

15. I know that, ordinarily, a prison sentence carries a term of supervised release. However, given my sentence of life-without-parole, there is no anticipation of any term of supervised release.

16. I know that in addition to or in lieu of any other penalty, and for crimes of violence, a restitution order in the full amount of any financial loss or harm caused by an offense is mandatory. The victim can use the order of restitution to obtain a civil judgment lien.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. My plea agreement also resolves my pending supervised release violations by terminating my supervised release in Case Nos. 6:01-cr-30102-AA-3 and 6:11-cr-60092-AA-1.

19. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. The Plea Agreement contains the only agreements between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to the following count(s): Count 11 of the Indictment, carjacking resulting in the death of Cody Faye Myers, in violation of Title 18, United States Code, Section 2119(3); and Count 1 of a Superseding Information charging defendant with carjacking resulting in the death of Reginald Alan Clark, in violation of Title 18, United States Code, Section 2119(3).

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

INDICTMENT
COUNT ELEVEN
(Carjacking, Resulting in Death)

On or about October 1, 2011, in the District of Oregon, defendants DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, and HOLLY ANN GRIGSBY, with the intent to cause death or serious bodily harm, did take a motor vehicle that had been transported and shipped in interstate commerce, that is, a 1999 white Plymouth Breeze bearing Oregon license plate 025 CCH, from Cody Faye Myers, by force, violence, and intimidation, and in so doing, killed Cody Faye Myers, in violation of Title 18, United States Code, Section 2119(3) and Section 2.

SUPERSEDING INFORMATION
COUNT ONE
(Carjacking, Resulting in Death)

On or about October 4, 2011, in the Northern District of California, defendant DAVID JOSEPH PEDERSEN, a/k/a "JOEY" PEDERSEN, with the intent to cause death or serious bodily harm, did take a motor vehicle that had been transported and shipped in interstate commerce, that is, a blue 1989 Ford F150 Xtra Cab Pickup Truck with no license plates, from Reginald Alan Clark, by force, violence, and intimidation, and in so doing, killed Reginald Alan Clark, in violation of Title 18, United States Code, Section 2119(3).

25. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment and Superseding Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorneys that is attached to this Petition.

SIGNED by me in the presence of my attorneys, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this 4-23-14 day of April, 2014.

_____
David Joseph Pedersen
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorneys for defendant, David Joseph Pedersen, hereby certify:

1. We have fully explained to the defendant the allegations contained in the Indictment and Superseding Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. We have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. We have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and we have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. We recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by us in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 23 day of April, 2014.

_____
C. Renée Manes
Assistant Federal Public Defender

_____
Richard L. Wolf, OSB# 873719
Learned Capital Case Counsel

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorneys.

DATED this 23 of April, 2014, in open court.

_____
The Honorable Ancer L. Haggerty
United States District Court Judge